**CAREGA SERVICE STATION CORP., etc., Plaintiff,**

v.

**FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant.**

**No. 82–615–CIV–WMH.**

United States District Court,
S.D. Florida.

Jan. 19, 1983.

Susan Kantor Bank, Washington, D.C., for Federal Emergency Management Agency.

Ira Gropper, Asst. U.S. Atty., Miami, Fla., for U.S.

Charles V. Peppler, Mascaro & Peppler, Coral Gables, Fla., for Carega Service Station Corp.

## FINAL SUMMARY JUDGMENT

HOEVELER, District Judge.

This cause comes before the Court on the motion of the defendant, Federal Emergency Management Agency, for summary judgment. The "Agency" is a division of the Department of Housing and Urban Development, and is charged with the responsibility of administering the Federal Crime Insurance Program, a federally subsidized theft insurance program for the high crime areas.

Plaintiff, a purchaser of a crime insurance policy, has sued the "Agency" to recover for losses sustained in a burglary. The defendant, however, has refused to honor the policy and pay out on the losses, because of misrepresentations contained in the application as to the gross receipts handled by the plaintiff in the pertinent calendar year. The fact that misrepresentations were incorporated within the application is not disputed, since the plaintiff has admitted as much. There is question as to whether the statements were propounded by the plaintiff, or the insurance broker/agent who sold the policy, Caribe Insurance Agency, ("Caribe"). Caribe has never been joined in this action.

On the facts, as set forth above, there are two issues that need to be resolved by this Court. Both can be decided as a matter of law. Plaintiff seeks to avoid the consequences of its misstatements by arguing that misrepresentations do not free the government from liability when they are innocently made. It is further argued that a principal is liable for the acts of its agent, and that Caribe served as soliciting agent for the U.S. On both points, plaintiff's position must be rejected.

Defendant asks this Court to allow it to avoid any policy in which misrepresentations were included. 44 C.F.R. § 81.7(d) provides that:

"Any false statement in the application or in connection with any claim submitted under the Program may, without limitation of any applicable statute, void the policy and result in the denial of such claim in its entirety."

Recent decisions in various district courts have held this provision to bar all false statements, whether made innocently or intentionally. *Almani Jewelry Corp. v. Federal Crime Insurance Program,* No. 80–5091 (S.D.N.Y. May 20, 1981); *Dunell Knitwear Co., Inc. v. Federal Insurance Administration, Lettieri v. Federal Insurance Administration,* 81–6790 (N.D.Ill. October 12, 1982). In the *Dunell Knitwear* case, Judge Weinstein held that when the gross receipts reported on a plaintiff's tax return was $306,567.00, while the figure set forth in the policy was only $249,000.00, then the government could avoid the policy. In granting summary judgment, it was reasoned that unlike other types of insurance, the gross receipts are not tied to the insurer's potential exposure, but instead determine the premium charged. For example, in the instant case, the claimed gross receipts amounted to $95,000.00 while in actuality over $495,000.00 in sales were made. The submission of the lower figure, caused the insured to save over three hundred dollars in premiums, while the insurer's potential liability remained virtually constant.

Simply put, under these policies, the insured is either insured or he is not. Put another way, the insurer lacks the ability to reform the policy in accordance with the actual receipts. Consequently, unless the courts punish *all* misrepresentation made for whatever reason, there will be no viable method of deterrence. Ineffective enforcement would result in diminished premium

revenues, thus frustrating the Congressional goal of providing relatively low cost insurance to marginal businesses in high crime areas. For these reasons, the Court adopts the conclusion of the previously cited decisions.

Plaintiff further contends that even if all misrepresentations can excuse the government from liability, in this case, it was the broker who submitted the false figures. It is further reasoned, that since the broker is the agent of the government, the government is responsible for Caribe's acts.

However, 44 C.F.R. § 80.4(e) dictates that "such agent or broker is the agent or broker of the insured and is not an agent of the Federal Government nor any federal agency." While under certain circumstances, and in some situations, the law has considered a broker to be the agent of the insurer, the nature of this special program demands a different conclusion, since there is no supervisory arrangement by which the government could license and control the vast number of possible brokers. In fact, subsection (g) of the same C.F.R. provision specifically declares that the government cannot be bound by the acts of a broker in any way other than those that are explicitly set forth. Hence, this Court finds Caribe Insurance Agency to have been the plaintiff's agent. If Caribe breached its duty to the insured, that breach must be remedied at a different time and in a different forum.

It is ORDERED AND ADJUDGED that summary judgment shall issue against the plaintiff and in favor of the defendant.